CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 1 9 2008

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DEWAYNE HILL, ) | | |
| Plaintiff, ) | Civil Action No. 7:08-cv-00065 | |
| ) | | |
| v. ) | **MEMORANDUM OPINION** | |
| ) | | |
| GENE JOHNSON, et. al., ) | By: Hon. James C. Turk | |
| Defendants. ) | Senior United States District Judge | |

Plaintiff DeWayne Hill, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, Hill alleges that for four years, he has been complaining to medical staff at Wallens Ridge State Prison ("WRSP") about a lump on his hip and has received no treatment, even though his inmate account has been charged $5.00 each time a nurse has examined him. He seeks a preliminary injunction and monetary damages.[1] Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted.[2]

Hill alleges that when he first asked to have a doctor examine the lump on his hip, it was the size of a marble. The doctors and nurses have told him that the lump is not cancer and is nothing to be concerned about. Hill claims that the lump has grown to the size of a ping pong ball, then an egg, and now a baseball. He believes that medical staff should drain or remove the lump. Yet, medical staff who have examined the growth continue to advise him that they do not believe the condition requires treatment. He alleges that the elastic waistbands of his prison-issued clothing irritate the lump and cause pressure on it. He claims that the lump causes him some kind of pain,

---

[1] Hill has also filed a motion to amend to change the defendants. The court will grant the motion to amend.

[2] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

1

but does not indicate that he has sought treatment specifically for the pain.[3]

Hill also alleges that the prison's medical care system— having a nurse do a preliminary examination to determine whether the inmate needs to be examined by a doctor— is unconstitutional. Hill further believes that once a doctor has examined a medical condition, any visit to a medical staff person thereafter concerning the same medical problem should be considered a follow up visit for no charge. Yet, every time he asks to have the lump examined, he is seen only by the nurse and is nevertheless charged a $5.00 co-payment.

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). To prove that his course of medical treatment in prison amounted to a violation of the Eighth Amendment, an inmate must show that personnel to whose care he was committed exhibited "deliberate indifference" to his "serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104-105 (1976). First, the plaintiff must show that, objectively, his need for medical treatment was sufficiently serious. Such a need usually involves a condition that threatens loss of life or illnesses or injuries that threaten the inmate with permanent disability. Sosebee v. Murphy, 797 F.2d 179, 182 (4th Cir. 1986); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1974). Second, plaintiff must show that defendants acted with deliberate indifference toward his serious medical need. Estelle, 429 U.S. at 104-105. Inadvertent failure to provide treatment, negligent diagnosis, and medical malpractice do not present constitutional deprivations. Id. at 105-106. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Id. Rather, the inmate must show that the official was aware of objective evidence from which he could draw an inference that a substantial risk of harm existed, that he drew that inference, and then failed to respond reasonably to the risk. Farmer v. Brennan, 511

---

[3]None of the medical complaint forms that Hill attaches indicate that he has informed medical staff that the lump has caused him any significant pain.

2

Case 7:08-cv-00065-JCT-mfu   Document 9   Filed 02/19/08   Page 2 of 5   Pageid#: 49

U.S. 825, 837-844 (1994). See Johnson v. Quinones, 145 F.3d 164, 168-69 (4th Cir. 1998) (because evidence did not show that doctors knew about inmate's pituitary gland tumor, failure to diagnose and treat it did not state Eighth Amendment claim even though inmate ultimately went blind). A claim concerning a disagreement between an inmate and medical personnel regarding diagnosis and course of treatment does not implicate the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Questions of medical judgment are not subject to judicial review. Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975).

Moreover, nonmedical prison personnel may rely on the opinion of the medical staff as to the proper course of treatment. Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990). Therefore, to bring a medical treatment claim against non-medical prison personnel, an inmate must allege facts showing that such officials were personally involved with a denial of treatment, deliberately interfered with prison doctors' treatment, or tacitly authorized or were indifferent to the prison physicians' misconduct. Id.

Finally, the constitution does not address the question of who should bear the financial burden of providing medical care to inmates. The allocation of the cost of the medical care is a matter of state law. See City of Revere v. Massachusetts General Hospital, 463 U.S. 239, 245 (1983).

Hill's allegations simply do not state any claim for relief under these constitutional principles. He admits that when he has sought medical treatment, he has been examined by a nurse. The medical complaint forms submitted with his complaint indicate that he has been seen by a doctor at least twice in the last four years.[4] All of these medical personnel have determined that the lump on his hip, despite its growth, is not cancer or any other life-threatening condition. They have also determined that the condition does not require treatment. The court cannot second-guess these

---

[4]Plaintiff submits a verified statement form, indicating that he has exhausted all grievance remedies and appeals regarding his claims. However, his submissions of medical complaint forms do not indicate that he has ever filed a regular grievance or subsequent appeals, as required for exhaustion of administrative remedies, pursuant to 42 U.S.C. § 1997e(a).

3

medical judgments. Plaintiff's self-diagnosis of what he believes to be the appropriate treatment for the lump (drainage or removal) states nothing more than a disagreement with the medical staff's decisions and presents, at most, an allegation of negligent diagnosis or medical malpractice on the part of the medical staff. Such allegations do not state any constitutional claim cognizable under § 1983, but rather, might be actionable, if at all, under state malpractice laws in the appropriate state court.[5]

Hill's allegations also fail to state any claim concerning the prison's system of providing medical care. Contrary to his assertions, the prison may rightfully charge him a portion of the cost for medical services, including evaluation of a medical condition, whether or not medical staff determine that treatment is required for the condition. Hill does not allege that anyone has refused to examine him or told him that any necessary treatment would not be provided because he could pay for it. He simply argues that medical services for prisoners should be free after the first visit regarding a specific condition, and this argument fails.

Finally, Hill fails to state any claim against supervisory prison staff, such as the warden and assistant warden. These officials, with no medical expertise of their own, have rightfully relied on the prison medical staff to determine the proper course of treatment (or lack of need for treatment) of Hill's medical condition. He does not allege that these officers have interfered with or prevented him from getting medical treatment prescribed by any medical personnel.

Based on the foregoing, the court concludes that Hill's allegations fail to state any claim that is actionable under § 1983. Therefore, the court will summarily dismiss the complaint, pursuant to §1915A(b)(1), for failure to state a claim, and will also deny Hill's request for preliminary injunctive relief.[6] An appropriate order shall be entered this day.

---

[5]Because the court herein finds that Hill fails to state any constitutional claim, the court declines to exercise supplemental jurisdiction over any possible state law claims. See 28 U.S.C. § 1367(c).

[6]Because Hill does not demonstrate any likelihood of success on the merits of his medical claims in this action, he is not entitled to any preliminary injunctive relief, ordering defendants to assess his medical condition or provide treatment. See Wetzel v. Edwards, 635 F.2d 283 (4th Cir. 1980), citing Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Manufacturing, Co., 550 F.2d 189, 195 (4th Cir. 1977). Similarly,

4

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5). The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 19th day of February, 2008.

/s/ James C. Turk
Senior United States District Judge

---

as the court finds that Hill's allegations do not present any constitutional issue that would be actionable under § 1983, the court cannot find that his situation constitutes an extraordinary circumstance requiring the court to appoint counsel for him. See Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975).

5